B6 Summary (Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Middle District of Florida, Jacksonville Division

In re **Ocala Funding, LLC** Debtor(s)

Case No. **3:12-bk-04524-JAF**
Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7,11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 12 | $1,747,749,787.36 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $1,750,000,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $900,569,180.63 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | $N/A |
| TOTAL | | 21 | $1,747,749,787.36 | $2,650,569,180.63 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Middle District of Florida, Jacksonville Division

In re **Ocala Funding, LLC** Debtor(s)

Case No.

Chapter **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☒ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re: Chapter 11

OCALA FUNDING, LLC, Case No. 3:12-bk-04524-JAF

Debtor.
________________________________/

**GLOBAL NOTES AND STATEMENT**
**OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING**
**THE SCHEDULES AND STATEMENTS OF DEBTOR OCALA FUNDING, LLC**[1]

On the date hereof, Ocala Funding, LLC (the "Debtor") filed its schedules of assets and liabilities and its statement of financial affairs (the "Schedules and Statements"), in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"). The Schedules and Statements were prepared pursuant section 521 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007 by the Debtor's management and are unaudited. While those members of management and the Debtor's professionals responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt or discovery of information may result in material changes in financial and other data contained in the Schedules and Statements that may warrant amendment of the same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate. These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.

1. Case. On July 10, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Unless otherwise indicated herein or in the Schedules and Statements, the information provided in the Schedules and Statements is as of the Petition Date.

2. Amendments. The Debtor reserves its right to amend or supplement in any way the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute to or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability,

[1] These Global Notes are followed by the Schedules of Assets and Liabilities or Statement of Financial Affairs.

or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim is not "contingent," "unliquidated," or "disputed."

3. Estimates and Assumptions. The preparation of the Schedules and Statements required the Debtor to make estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

4. Unknown Amounts. Some of the scheduled assets and liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Undetermined." Accordingly, the Schedules and the Statements do not precisely reflect the aggregate amount of the Debtor's assets and liabilities.

5. GAAP. Given the difference between the information requested in the Schedules and Statements and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

6. Asset Values. It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtor's property interests. Accordingly, to the extent any asset value is listed in the Schedules and Statements, and unless otherwise noted therein, the Debtor's property interests (including real property interests identified in Schedule B(30)) are reflected at net book values rather than current market values (or any other value). As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value. Schedule B(30) includes real property owned by the Debtor as a result of the Debtor's foreclosure on loans secured by such property. This value of these properties is the Debtor's book value, which for each property was established as the unpaid principal balance of the loan on which the Debtor foreclosed to obtain ownership of such property. Item 2 in Schedule B and Schedule B(2) identifies collateral accounts and custodial accounts held by Deutsche Bank AG, BNP Paribas Mortgage Corporation, and the FDIC in its capacity as receiver for Colonial Bank. These accounts are valued as of August 2009, which is the most recent date for which statements of these accounts have been made available to the Debtor. Schedule B identifies approximately $17,658.73 cash of the Debtor held by the Debtor's corporate parent. This figure relates to interest income earned on behalf of the Debtor's collateral collected by the Debtor's parent prior to 2012 and was identified in bookkeeping entries maintained by the Debtor's parent. The Debtor expects that these funds will be turned over to the Debtor shortly after the Petition Date.

7. Challenge of Liens. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtor reserves the

right to: (a) dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D; and (b) dispute or to challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided on Schedule D are intended only to be a summary. Reference to the applicable indenture or loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens granted to any creditor. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be a modification or interpretation of the terms of such agreements.

8. Setoff or Recoupment Rights. The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights. Such counterparties may be listed on Schedule F.

9. Executory Contracts and Unexpired Leases. For purposes of the Schedules and Statements, the Debtor has only scheduled claims and executory contracts for which the Debtor may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtor hereby reserves all of its rights with respect to such documents, including, but not limited to, its rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. The contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way agreements, subordination agreements, non-disturbance and attornment agreements, supplemental agreements, amendment/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtor reserves all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease. Any and all of the Debtor's rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

10. Causes of Action. The Debtor reserves all of its causes of action. Neither these Global Notes nor the Schedules and Statements shall be deemed to be a waiver of any claim or cause of action. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtor's rights with respect to its chapter 11 case, equitable subordination, and/or any causes of action arising under the

provisions of chapter 5 of the Bankruptcy Code or other relevant bankruptcy or nonbankruptcy laws, including, without limitation, laws that allow the Debtor or any other party to recover assets or avoid transfers.

11. Insiders. In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are each of the Debtor's member and officers that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, persons have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtor, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

12. Summary of Significant Reporting Policies and Practices. The following conventions were adopted by the Debtor in preparation of the Schedules and Statements:

a. Fair Market Value; Book Value. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed in the Debtor's books and records. Where the current market value of assets is unknown, the Debtor has based its valuation on book values; however, particularly with respect to real estate owned, the Debtor believes the actual value may be substantially lower.

b. Disputed, Contingent and/or Unliquidated Claims. Schedules D, E, and F permit the Debtor to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtor reserves the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

13. Summary of Significant "SOFA" Issues. The following conventions were adopted by the Debtor in preparation of the Schedules and Statements:

a. The Debtor was established in January of 2005 and, therefore, has no information to provide prior to that date.

b. The Debtor's Chapter 11 Case Management Summary [Docket No. 39] disclosed revenue of the Debtor for the Debtor's fiscal ending March 2012 in the amount of approximately $9.2 million. Item 1 in

the SOFA identifies revenue for this period of approximately $11.2 million, which figure represents a revision of the revenue provided in the Case Management Summary. The Debtor is continuing to finalize its books and records for fiscal year ending March 2012.

Neither the Debtor, its agents, nor its attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and none of these parties are or may be liable for any loss or injury arising out of or caused in whole or in part by any acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained therein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized, other than as required by the Bankruptcy Code or other applicable law. In no event shall the Debtor or its agents, attorneys or advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys and advisors are advised of the possibility of such damages.

July 24, 2012

Respectfully submitted,

*/s/ Edward J. Peterson, III*

Russell M. Blain (FBN 236314)
rblain@srbp.com
Edward J. Peterson, III (FBN 0014612)
epeterson@srbp.com
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
and
Jeff J. Marwil (IL #6194054)
Paul V. Possinger (IL #6216704)
Jeremy T. Stillings (IL #6279868)
Proskauer Rose LLP
70 W. Madison St.
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
*Counsel to the Debtor*

**B6A (Official Form 6A) (12/07)**

In re **Ocala Funding, LLC**, Debtor

Case No. **3:12-bk-04524-JAF**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **See Schedule B(30) - REO Inventory** | | - | | |

Sub-Total > (Total of this page)

Total >

(Report also on Summary of Schedules)

**0** continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6B (Official Form 6B) (12/07)

In re **Ocala Funding, LLC** Case No. **3:12-bk-04524-JAF**

Debtor(s)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Regions Bank Account #3093** | - | **$22,361,754.72** |
| | | **Cash held by Corporate Parent (TBW) - This figure relates to interest income earned on behalf of the Debtor's collateral collected by the Debtor's parent prior to 2012 and was identified in bookkeeping entries maintained by the Debtor's parent. The Debtor expects that these funds will be turned over to the Debtor shortly after the Petition Date.** | | **$17,658.73** |
| | | **Collateral Accounts held by Deutsche and BNP - see attached itemization. These accounts are valued as of August 2009, which is the most recent date for which statements of these accounts have been made available to the Debtor.** | - | **$75,730,353.48** |
| | | **FDIC/Colonial Custodial Funds Clearing Account. These accounts are valued as of August 2009, which is the most recent date for which statements of these accounts have been made available to the Debtor.** | - | **$60,482.65** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

**In re** Ocala Funding, LLC
**Debtor**

**Case No.** 3:12-bk-04524-JAF
**(If known)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

**In re** Ocala Funding, LLC
**Debtor**

**Case No.** 3:12-bk-04524-JAF
**(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Proof of Claim #3442 against the Estate of Taylor, Bean & Whitaker Mortgage Corp. (TBW), per TBW Settlement Agreement with Bank of America approved by the Bankruptcy Court on July 21, 2011.** | - | **$1,606,084,009.00** |
| | | **Causes of action against various transferees under Chapter 5 of the Bankruptcy Code and other law** | - | **Undetermined** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | | **Loan Inventory as of May 31, 2012 (loans held for sale) - see attached itemization** | - | **$42,283,725.71** |

B 6B (Official Form 6B) (12/07) - Cont.

**In re** Ocala Funding, LLC **Case No.** 3:12-bk-04524-JAF
Debtor (If known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| | | REO Inventory as of May 31, 2012 - see attached itemization | - | $1,211,803.07 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total > | $1,747,749,787.36 |

(Report also on Summary of Schedules)

In re **Ocala Funding, LLC** Case No. **3:12-bk-04524-JAF**
Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

### B(2) - Bank Account Balances as of August 2009:

| Account Name | Bank Account Number | Bank Name | Bank Balance |
|---|---|---|---|
| ***Collateral Accounts (Held by Deutsche and BNP)*** | | | |
| Ocala Funding Collection Account | xxx4921 | LaSalle Bank/Bank of America | $915,649.44 |
| Ocala Funding Collection Account | xxx4922 | LaSalle Bank/Bank of America | $715,849.82 |
| Ocala Funding Collateral Account Interest Earned | xxx4931 | LaSalle Bank/Bank of America | $43,823,528.38 |
| Ocala Funding Reserve Fund Interest Earned | xxx4932 | LaSalle Bank/Bank of America | $1,603,895.54 |
| Ocala Funding Collateral Account | xxx4934 | LaSalle Bank/Bank of America | $146,873.95 |
| Ocala Funding Reserve Fund | xxx4935 | LaSalle Bank/Bank of America | $13,500,000.00 |
| Ocala Funding BNP Margin Account Interest | xxx4937 | LaSalle Bank/Bank of America | $190,136.57 |
| Ocala Funding ABN Margin Account Interest | xxx4938 | LaSalle Bank/Bank of America | $5,146.37 |
| Ocala Funding Asset Reserve Account | xxx9310 | LaSalle Bank/Bank of America | $6,750,000.00 |
| Ocala Funding Sovereign Bank Margin Account | xxx9311 | LaSalle Bank/Bank of America | $140,213.53 |
| Ocala Funding Wachovia Bank Margin Account | xxx9312 | LaSalle Bank/Bank of America | $133,649.59 |
| Ocala Funding Asset Reserve Account - Interest | xxx9313 | LaSalle Bank/Bank of America | $875,182.11 |
| Ocala Funding Collateral Interest Earned 05-01 BNP | xxx9314 | LaSalle Bank/Bank of America | $263,775.15 |
| Ocala Funding Collateral Principal 05-1 - BNP | xxx9315 | LaSalle Bank/Bank of America | $1,857,522.72 |
| Ocala Funding Collateral Interest Earned 08-1 DB | xxx9316 | LaSalle Bank/Bank of America | $210,689.63 |
| Ocala Funding Collateral Principal 08-1 - DB | xxx9317 | LaSalle Bank/Bank of America | $3,598,240.68 |
| Ocala Funding Collection Account Seaside National Bank and Trust | xxx6836 | Seaside National Bank and Trust | $1,000,000.00 |
| ***Sub-Total Legacy Bank Accounts*** | | | **$75,730,353.48** |

**Note: These accounts are valued as of August 2009, which is the most recent date for which statements of these accounts have been made available to the Debtor.**

In re **Ocala Funding, LLC** Debtor(s) Case No. **3:12-bk-04524-JAF**

## SCHEDULE B - PERSONAL PROPERTY

**B(30) - Loan Inventory as of May 31, 2012:**

| Loan Number | UPB |
| --- | --- |
| 7118321 | $567,653.19 |
| 7104440 | $512,142.82 |
| 7090279 | $473,693.27 |
| 7114335 | $417,000.00 |
| 3300701 | $407,149.88 |
| 7130727 | $397,946.27 |
| 7121232 | $396,524.24 |
| 2883334 | $396,452.35 |
| 3405844 | $395,916.10 |
| 3242994 | $395,834.13 |
| 7121276 | $394,441.75 |
| 7132461 | $386,843.03 |
| 3373682 | $383,486.64 |
| 3218311 | $381,762.22 |
| 2914617 | $381,418.10 |
| 7127300 | $375,287.27 |
| 7128127 | $372,314.37 |
| 3371104 | $371,905.66 |
| 7134432 | $363,989.02 |
| 2556160 | $361,246.22 |
| 7131257 | $358,144.67 |
| 7125982 | $343,555.08 |
| 7127302 | $342,363.24 |
| 7125403 | $338,260.64 |
| 7128121 | $335,757.13 |
| 7126506 | $332,855.35 |
| 3335709 | $330,024.79 |
| 3160371 | $326,271.88 |
| 7122125 | $322,859.42 |
| 3381887 | $312,915.40 |
| 3386081 | $312,493.69 |
| 2886297 | $300,844.64 |
| 3301212 | $299,557.02 |
| 3365776 | $296,735.29 |
| 2266358 | $286,722.99 |
| 2525355 | $286,216.52 |
| 3272199 | $285,729.48 |
| 7134537 | $282,856.63 |

| Loan Number | UPB |
|---|---|
| 7127625 | $277,284.90 |
| 7079304 | $275,814.29 |
| 7086782 | $268,365.19 |
| 2801468 | $266,370.90 |
| 2385221 | $265,175.66 |
| 7123178 | $263,747.74 |
| 3343021 | $263,653.73 |
| 2334207 | $263,528.14 |
| 7129712 | $262,392.90 |
| 7117935 | $261,711.01 |
| 7097329 | $261,249.37 |
| 7080895 | $259,356.35 |
| 2856210 | $256,210.05 |
| 7111025 | $255,568.63 |
| 3337302 | $255,432.18 |
| 3259875 | $252,981.10 |
| 7093628 | $251,464.18 |
| 2825820 | $250,272.73 |
| 3344713 | $248,829.15 |
| 3347028 | $247,411.96 |
| 3304185 | $246,651.42 |
| 7121738 | $246,064.81 |
| 2272467 | $243,139.58 |
| 3276571 | $237,709.20 |
| 2260477 | $233,895.67 |
| 2745024 | $232,361.81 |
| 7127111 | $227,994.08 |
| 3248086 | $228,356.78 |
| 7111175 | $226,477.06 |
| 3403263 | $224,985.87 |
| 7090209 | $217,743.69 |
| 3351064 | $217,393.71 |
| 3399631 | $214,719.11 |
| 7116754 | $211,992.02 |
| 7083053 | $206,791.74 |
| 3355572 | $203,369.15 |
| 3358414 | $203,398.27 |
| 3339707 | $203,036.47 |
| 7104245 | $201,559.80 |
| 2180992 | $199,977.59 |
| 3251443 | $199,417.67 |
| 3127085 | $197,215.83 |
| 7122848 | $195,520.96 |
| 2735385 | $193,755.32 |
| 2923601 | $193,036.52 |
| 3367772 | $191,632.33 |

| Loan Number | UPB |
|---|---|
| 7109762 | $189,867.59 |
| 1488079 | $187,719.92 |
| 7122623 | $186,665.20 |
| 3278327 | $183,939.06 |
| 7103881 | $183,104.69 |
| 2545141 | $182,269.06 |
| 7131690 | $180,273.98 |
| 3330418 | $180,045.82 |
| 3278524 | $175,759.71 |
| 3376504 | $174,743.79 |
| 3344166 | $173,398.15 |
| 3371132 | $174,017.81 |
| 7123578 | $172,668.25 |
| 3346192 | $173,270.39 |
| 2692209 | $171,741.74 |
| 7104500 | $171,837.87 |
| 7132838 | $169,556.67 |
| 7127029 | $169,648.86 |
| 3363596 | $168,780.42 |
| 7115994 | $166,545.82 |
| 7128743 | $165,196.41 |
| 7089178 | $164,768.92 |
| 7130848 | $164,653.63 |
| 2767646 | $163,164.76 |
| 7120788 | $161,848.05 |
| 3423360 | $161,680.54 |
| 3375347 | $161,085.84 |
| 3218039 | $158,919.66 |
| 7123720 | $154,927.39 |
| 7128986 | $153,381.74 |
| 7100442 | $153,300.63 |
| 7106051 | $152,837.61 |
| 7102762 | $151,825.71 |
| 3239253 | $151,427.01 |
| 3326345 | $150,530.70 |
| 3365019 | $149,212.09 |
| 7117241 | $147,995.30 |
| 7092291 | $147,057.91 |
| 3308504 | $146,845.86 |
| 3126626 | $144,413.42 |
| 3171114 | $144,545.18 |
| 3363411 | $144,945.91 |
| 7132060 | $144,321.32 |
| 3320144 | $141,668.20 |
| 3006330 | $141,113.57 |
| 3398253 | $140,366.65 |

| Loan Number | UPB |
|---|---|
| 2998282 | $138,135.32 |
| 7116983 | $137,351.49 |
| 3345858 | $136,645.16 |
| 3379064 | $136,354.76 |
| 3206389 | $136,062.68 |
| 7125826 | $132,725.24 |
| 2799689 | $131,383.12 |
| 2711956 | $132,551.08 |
| 2837719 | $129,266.87 |
| 3130871 | $129,222.19 |
| 7129267 | $126,489.67 |
| 7124408 | $126,263.04 |
| 3239391 | $125,522.38 |
| 3350821 | $123,611.37 |
| 7118057 | $124,636.26 |
| 3324198 | $122,615.64 |
| 3366404 | $121,033.60 |
| 7119662 | $120,778.14 |
| 3290047 | $118,721.48 |
| 3355972 | $119,021.70 |
| 3320202 | $118,648.36 |
| 2692065 | $116,800.81 |
| 3344666 | $116,054.07 |
| 2777191 | $115,702.17 |
| 3133762 | $114,703.23 |
| 3372134 | $114,631.98 |
| 7129654 | $112,407.41 |
| 3351565 | $112,530.66 |
| 3382468 | $111,584.65 |
| 3277057 | $108,015.51 |
| 7085161 | $107,052.10 |
| 7098643 | $107,086.28 |
| 3146906 | $105,250.00 |
| 2721193 | $101,579.51 |
| 7124185 | $101,198.27 |
| 7101287 | $101,377.26 |
| 3323281 | $100,790.88 |
| 2968303 | $100,730.46 |
| 3354101 | $99,268.44 |
| 7084326 | $99,056.08 |
| 7133308 | $97,826.01 |
| 7126157 | $97,983.56 |
| 3116401 | $97,460.03 |
| 7117320 | $96,519.34 |
| 7117319 | $96,392.61 |
| 7132007 | $96,294.76 |

| Loan Number | UPB |
|---|---|
| 7126892 | $94,362.07 |
| 7109023 | $93,207.32 |
| 1543838 | $91,904.35 |
| 7089173 | $91,582.11 |
| 3386167 | $90,477.89 |
| 3340462 | $90,659.42 |
| 7123102 | $90,256.40 |
| 3397533 | $87,226.04 |
| 3336195 | $87,967.60 |
| 2608702 | $87,845.05 |
| 7118379 | $87,342.27 |
| 7126269 | $85,857.33 |
| 7123868 | $85,666.26 |
| 7132706 | $85,066.99 |
| 7110408 | $84,866.98 |
| 3171863 | $83,882.96 |
| 7110982 | $83,522.45 |
| 3300719 | $82,050.09 |
| 7123846 | $80,968.48 |
| 7122428 | $79,628.96 |
| 7128727 | $78,329.74 |
| 7111798 | $77,997.23 |
| 7123674 | $77,810.24 |
| 3295185 | $76,537.63 |
| 7115443 | $75,938.40 |
| 7100492 | $76,008.75 |
| 2743691 | $74,625.45 |
| 3269123 | $72,719.81 |
| 7126732 | $72,520.73 |
| 2665319 | $72,740.72 |
| 7127272 | $72,372.74 |
| 7110067 | $70,651.69 |
| 7117148 | $68,787.87 |
| 3352810 | $67,535.15 |
| 7126395 | $67,356.84 |
| 7114876 | $67,290.38 |
| 7109323 | $66,436.82 |
| 2159292 | $65,810.36 |
| 3058746 | $64,827.46 |
| 3403866 | $63,902.28 |
| 7119823 | $61,301.14 |
| 3291476 | $60,741.32 |
| 7096913 | $60,211.58 |
| 3316450 | $59,589.91 |
| 7117197 | $59,386.51 |
| 3078709 | $59,407.98 |

| Loan Number | UPB |
|---|---|
| 7117196 | $59,278.84 |
| 2833775 | $58,688.13 |
| 7085847 | $58,655.37 |
| 3310373 | $58,553.02 |
| 3003798 | $57,824.84 |
| 3349364 | $56,334.97 |
| 3394800 | $55,290.96 |
| 7087880 | $54,261.54 |
| 3281133 | $53,857.22 |
| 3039920 | $53,697.05 |
| 7104515 | $52,618.28 |
| 7099784 | $51,608.81 |
| 7110434 | $50,564.84 |
| 3337625 | $50,205.97 |
| 2792116 | $46,510.72 |
| 7100803 | $45,531.67 |
| 7093081 | $43,651.01 |
| 7109155 | $42,799.72 |
| 7128073 | $39,502.66 |
| 3147286 | $35,639.66 |
| 3257724 | $35,040.40 |
| 2771542 | $33,552.90 |
| 7090682 | $31,831.88 |
| 7117802 | $31,506.38 |
| 2667759 | $28,284.87 |
| 3047836 | $27,500.00 |
| 7111582 | $25,499.93 |
| 3046855 | $24,083.48 |
| 3305739 | $23,430.91 |
| 3076932 | $17,328.48 |
| **Total Loans** | **$42,283,725.71** |

In re **Ocala Funding, LLC** Case No. **3:12-bk-04524-JAF**
Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

**B(30) - REO Inventory as of May 31, 2012:**

| Loan # | Property Address | Book Value |
|---|---|---|
| 7086534 | 1621 Vineyard Avenue #4<br>Los Angeles, CA 90019 | $416,657.50 |
| 7121746 | 264 North McNeil Street<br>Memphis, TN 38112 | $411,479.71 |
| 7084587 | 2939 West Monte Vista Road<br>Phoenix, AZ 85009 | $94,004.87 |
| 2734125 | 497 CasaDeca Street<br>Atlanta, GA 30315 | $226,228.55 |
| 7082961 | 70 Newcastle Street S.W.<br>Atlanta, GA 30314 | $63,432.44 |
| **Total REO** | | **$1,211,803.07** |

**B6C (Official Form 6C) (4/10)**

In re **Ocala Funding, LLC**, Debtor

Case No. **3:12-bk-04524-JAF**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **NONE.** | | | |

**0** continuation sheets attached to Schedule of Property Claimed as Exempt

**B6D (Official Form 6D) (12/07)**

In re **Ocala Funding, LLC** Case No. **3:12-bk-04524-JAF**

Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns).

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above)* | CODEBTOR | Husband, Wife, Joint or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**BNP Paribas<br>Attn: Robert Elliott & David Meisels<br>787 Seventh Ave., 37th Floor<br>New York, NY 10019** | | **N A** | **Security Interest**<br>**Senior secured notes issued by Ocala Funding, LLC. BNP is holder of such notes. TBW Loans and the proceeds from the sale thereof served as collateral for the senior secured notes.**<br>VALUE **$Undetermined** | | | | **$481,195,000.00** | **Undetermined** |
| ACCOUNT NO.<br>**Bracebridge Capital<br>500 Boylston St., #17<br>Boston, MA 02116** | | **N A** | **Security Interest**<br>**Series 2005-A and 2007-1 Subordinated Note holder**<br>VALUE **$Undetermined** | | | | **$6,000,000.00** | **Undetermined** |

B6D (Official Form 6D) (12/07) - Cont.

In re **Ocala Funding, LLC** Case No. **3:12-bk-04524-JAF**

Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above)* | CODEBTOR | Husband, Wife, Joint or Community (H W J C) | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Catamount Investment Group**<br>**NIB Capital Private Equity N.V.**<br>**600 Fifth Ave., 17th Floor**<br>**New York, NY 10020** | | **NA** | **Security Interest**<br>**Series 2005-A and 2006-B Subordinated Note holder**<br>VALUE **$Undetermined** | | | | **$15,000,000.00** | **Undetermined** |
| ACCOUNT NO.<br>**Deutsche Bank, AG, London Branch**<br>**Attn: Kevin Tanzer**<br>**60 Wall St.**<br>**New York, NY 10005** | | **NA** | **Security Interest**<br>**Senior secured notes issued by Ocala Funding, LLC. Deutsche Bank is holder of such notes. TBW Loans and the proceeds from the sale thereof served as collateral for the senior secured notes.**<br>VALUE **$Undetermined** | | | | **$1,201,305,000.00** | **Undetermined** |
| ACCOUNT NO.<br>**Fidelity Distributors Corporation**<br>**82 Devonshire St.**<br>**Boston, MA 02109** | | **NA** | **Security Interest**<br>**Series 2005-A, 2006-A & 2006-B Subordinated Note holder**<br>VALUE **$Undetermined** | | | | **$21,500,000.00** | **Undetermined** |
| ACCOUNT NO.<br>**Natixis Real Estate Capital, LLC**<br>**9 West 57th St., 36th Floor**<br>**New York, NY 10019** | | **NA** | **Security Interest**<br>**Series 2005-A, 2006-A & 2007-1 Subordinated Note holder**<br>VALUE **$Undetermined** | | | | **$17,500,000.00** | **Undetermined** |
| ACCOUNT NO.<br>**Zais Group, LLC**<br>**2 Bridge Ave., #322**<br>**Red Bank, NJ 07701** | | **NA** | **Security Interest**<br>**Series 2007-1 Subordinated Note holder**<br>VALUE **$Undetermined** | | | | **$7,500,000.00** | **Undetermined** |
| | | | Total(s) | | | | **$1,750,000,000.00** | **Undetermined** |

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

.

In re **Ocala Funding, LLC** , Case No. **3:12-bk-04524-JAF**
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0** continuation sheets attached

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re **Ocala Funding, LLC**, Debtor

Case No. **3:12-bk-04524-JAF**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Akerman Senterfitt LLP**<br>**P.O. Box 4906**<br>**Orlando, FL 32802** | | - | | | | | **15,000.00** |
| Account No.<br>**Cadwalader, Wickersham & Taft, LLP**<br>**227 W. Trade St.**<br>**Charlotte, NC 28202** | | - | | | | X | **1,632,385.63** |
| Account No.<br>**Deutsche Bank Trust Co. Americas**<br>**P.O. Box 1757**<br>**Church Street Station**<br>**New York, NY 10008** | | - | | | | | **12,600.00** |
| Account No.<br>**Federal Deposit Insurance Corporation**<br>**Attn: Jeffrey E. Schmitt, Esq.**<br>**3501 Fairfax Dr.**<br>**Arlington, VA 22226** | | - | | | | | **898,873,958.00** |

**1** continuation sheets attached

Subtotal (Total of this page) **900,533,943.63**

B6F (Official Form 6F) (12/07) - Cont.

In re **Ocala Funding, LLC**, Debtor    Case No. **3:12-bk-04524-JAF**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Moody's Investor Service<br>7 WTC at 250 Greenwich St.<br>New York, NY 10007** | | - | | | | | **25,237.00** |
| Account No.<br>**Standard & Poor's Financial Services LLC<br>2542 Collection Center Dr.<br>Chicago, IL 60693** | | - | | | | | **10,000.00** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. **1** of **1** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **35,237.00**

Total (Report on Summary of Schedules) **900,569,180.63**

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re **Ocala Funding, LLC** , Case No. **3:12-bk-04524-JAF**
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Bank of America, N.A., BNP Paribas Mortgage Corp., Deutsche Bank AG London Branch, FDIC/Colonial Bank and FDIC/Platinum Bank** | **Restructuring and Plan Support Agreement** |
| **LaSalle Bank National Association<br>Attn: Global Trust Services Group<br>135 S. LaSalle St., Suite 1511<br>Chicago, IL 60630** | **Custodial Agreement with LaSalle Bank** |

**0** continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re **Ocala Funding, LLC** , Debtor

Case No. **3:12-bk-04524-JAF**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0** continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6 Declaration (Official Form 6 - Declaration). (12/07)

**United States Bankruptcy Court**
**Middle District of Florida, Jacksonville Division**

In re **Ocala Funding, LLC** Debtor(s)

Case No. **3:12-bk-04524-JAF**
Chapter **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **26** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date 7/24/12

Signature

**Neil F. Luria**
**Chief Restructuring Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Middle District of Florida, Jacksonville Division

In re **Ocala Funding, LLC** Case No. **3:12-bk-04524-JAF**
Debtor(s) Chapter **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| **$1,256,055.84** | **2013 YTD (F/Y April 2012 - May 2012): Gross Sales Proceeds** |
| **$11,251,402.55** | **2012 (F/Y April 2011 - March 2012): Gross Sales Proceeds** |
| **$2,920,097.69** | **2011 (F/Y April 2010 - March 2011): Gross Sales Proceeds** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$38,138.34** | **Interest Income for the two years prior to filing (such amount includes the $17,658.73 that is referenced in Schedule B(2))** |

**3. Payments to creditors**

None ■

***Complete a. or b., as appropriate, and c.***

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850[*]. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See attached** | | **$0.00** | **$0.00** |

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Ocala Funding, LLC v Deloitte & Touche, LLP** | **Failure to detect a fraud that led to $1.6 billion in losses** | **Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida** | **Pending** |

[*] Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See attached** | | |

**10. Other transfers**

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

**14. Property held for another person**

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **315 NE 14th St. Ocala, FL 34470** | **Ocala Funding, LLC** | **February 2008 - December 2009** |

**16. Spouses and Former Spouses**

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* ***only*** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Navigant Capital Advisors**<br>**1603 Orrington Ave., #1600**<br>**Evanston, IL 60201** | **August 24, 2009 - Present** |
| **James Moore & Co., P.L.**<br>**5931 NW 1st Place**<br>**Gainesville, FL 32607** | **January 14, 2005 - Present** |
| **Brian Callahan**<br>**4901 Vineland Rd., #120**<br>**Orlando, FL 32811** | **February 20, 2007 - Present** |
| **Maureen Emig**<br>**4901 Vineland Rd., #120**<br>**Orlando, FL 32811** | **December 13, 2004 - Present** |
| **Crowe Horwath, LLP**<br>**15233 Ventura Blvd., 9th Floor**<br>**Anacoco, LA 71403** | **September 10, 2010 - Present** |

None ☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **James Moore & Co., P.L.** | **5931 NW 1st Place<br>Gainesville, FL 32607** | **January 14, 2005 - Present** |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Crowe Horwath, LLP** | **15233 Ventura Blvd., 9th Floor<br>Anacoco, LA 71403** |
| **James Moore & Co., P.L.** | **5931 NW 1st Place<br>Gainesville, FL 32607** |
| **Navigant Capital Advisors** | **1603 Orrington Ave., #1600<br>Evanston, IL 60201** |

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS — DATE ISSUED

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY — INVENTORY SUPERVISOR — DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis)

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY — NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS — NATURE OF INTEREST — PERCENTAGE OF INTEREST

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Taylor, Bean & Whitaker Plan Trust<br>4901 Vineland Rd., Suite 120<br>Orlando, FL 32811** | **Managing Member** | **100%** |
| **Neil F. Luria<br>4901 Vineland Rd., Suite 120<br>Orlando, FL 32811** | **Chief Restructuring Officer** | |
| **Charles Sweet<br>856 Havana Dr.<br>Boca Raton, FL 33487** | **Special Member** | |

**22 . Former partners, officers, directors and shareholders**

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Navigant Capital Advisors<br>1603 Orrington Ave., #1600<br>Evanston, IL 60201<br>Chief Restructuring Officer** | **May 18, 2012; Retainer payment to Navigant Capital Advisors, employer of Neil F. Luria** | **$250,000.00 (See Luria Declaration, Doc. No. 7)** |
| **Charles Sweet<br>856 Havana Dr.<br>Boca Raton, FL 33487<br>Special Member** | **January 26, 2012 and May 15, 2012; Retainer payments** | **$100,000.00** |

**24. Tax Consolidation Group.**

None ☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Taylor, Bean & Whitaker Mortgage Corp.** | **59-3069391** |

**25. Pension Funds.**

None ■ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date 7/24/12 Signature ______________________

**Neil F. Luria**
**Chief Restructuring Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

# STATEMENT OF FINANCIAL AFFAIRS

## #3 - Payments Made 90 Days Prior to Filing

| Name and Address of Payee | Date of Payment, Name of Payor if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 4/11/2012 | $171,320.97 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 4/24/2012 | $90,000.00 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 4/30/2012 | $90,000.00 Advance Fee Retainer Payment |
| Regions Financial<br>111 N. Orange Avenue<br>Orlando, FL 32801 | 5/9/2012 | $77.56 Monthly Bank Fee |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 5/11/2012 | $208,375.37 Advance Fee Retainer Payment |
| Charles Sweet<br>856 Havana Drive<br>Boca Raton, Florida 33487 | 5/15/2012 | $50,000.00 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 5/18/2012 | $300,000.00 Advance Fee Retainer Payment |
| Navigant Capital Advisors<br>1603 Orrington Avenue Suite 1600<br>Evanston, IL 60201 | 5/18/2012 | $250,000.00 Advance Fee Retainer Payment |
| Stichter, Riedel, Blain & Prosser, P.A.<br>110 East Madison Street Suite 200<br>Tampa, FL 33602 | 5/18/2012 | $75,000.00 Advance Fee Retainer Payment |
| Regions Financial<br>111 N. Orange Avenue<br>Orlando, FL 32801 | 6/11/2012 | $100.52 Monthly Bank Fee |
| Regions Financial<br>111 N. Orange Avenue<br>Orlando, FL 32801 | 7/9/2012 | $30.26 Monthly Bank Fee |

Note: Proskauer Rose, LLP, Stichter, Riedel, Blain & Prosser, P.A. and Navigant Capital Advisors maintained advance fee retainers in amounts exceeding accrued fees at all times during the 90 day period.

In re **Ocala Funding, LLC** Case No.
Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

### 9 - Payments related to debt counseling or bankruptcy.

| Name and Address of Payee | Date of Payment, Name of Payor if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 10/17/2011 | $75,000.00 Retainer for Bankruptcy Counsel Services |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 12/8/2011 | $188,865.71 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 1/13/2012 | $305,460.51 Advance Fee Retainer Payment |
| Charles Sweet<br>856 Havana Drive<br>Boca Raton, Florida 33487 | 1/26/2012 | $50,000.00 Retainer for Special Member |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 2/15/2012 | $430,000.00 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 2/28/2012 | $83,083.14 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 3/15/2012 | $113,468.48 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 4/11/2012 | $171,320.97 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza | 4/24/2012 | $90,000.00 Advance Fee Retainer Payment |

| Name and Address of Payee | Date of Payment, Name of Payor if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| 70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | | |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 4/30/2012 | $90,000.00 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 5/11/2012 | $208,375.37 Advance Fee Retainer Payment |
| Charles Sweet<br>856 Havana Drive<br>Boca Raton, Florida 33487 | 5/15/2012 | $50,000.00 Advance Fee Retainer Payment |
| Proskauer Rose, LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342 | 5/18/2012 | $300,000.00 Advance Fee Retainer Payment |
| Navigant Capital Advisors<br>1603 Orrington Avenue Suite 1600<br>Evanston, IL 60201 | 5/18/2012 | $250,000.00 Advance Fee Retainer Payment |
| Stichter, Riedel, Blain & Prosser, P.A.<br>110 East Madison Street Suite 200<br>Tampa, FL 33602 | 5/18/2012 | $75,000.00 Advance Fee Retainer Payment |