ORDERED.

Dated: September 07, 2017

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

OCALA FUNDING, LLC,

    Debtor.
_____/

Chapter 11 Case

Case No. 3:12-bk-04524-JAF

**ORDER GRANTING THE MOTION FOR AUTHORITY TO SELL
MORTGAGE LOANS TO ABS LOAN TRUST II**

THIS CAUSE came before the Court, without hearing, upon the *Motion for Authority to Sell Mortgage Loans to ABS Loan Trust II* (the "Sale Motion") [ECF No. 437] and pursuant to this Court's *Order Granting the Motion for Order Authorizing Filing of the Sale Motion Using Negative Notice* entered on August 18, 2017 [ECF No. 440]. Upon the facts and record before the Court in support of the approval of the sale (the "Sale") of mortgage loans (the "Assets") pursuant to that certain Mortgage Loan Purchase and Sale Agreement (the "MLPSA") between the Ocala Funding Litigation Trust, as Seller (the "Seller"), and ABS Trust Loan II, as Purchaser (the "Purchaser");[1] and pursuant to Article VI.B.3(b) of the *Chapter 11 Plan of Liquidation of Debtor Ocala Funding, LLC dated February 4, 2013* (the "Plan") confirmed by Order of the

---

[1] A copy of the MLPSA is annexed as Exhibit "A" to the Motion.

Court entered June 20, 2013; the Court concludes that notice to others of this Motion is adequate for the Seller to close the sale with the Purchaser.

The Court has considered the Sale Motion, the MLPSA, and has reviewed of the Court file. The record reflects that that the Sale Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service and that no party filed a response within the time permitted, therefore the Court considers the matter to be unopposed. The Court finds as follows:

A. This Court has jurisdiction to hear and adjudicate the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. Determination of the Sale Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (N).

C. The MLPSA was negotiated at arm's length, and in good faith, between the Seller and the Purchaser, on commercially reasonable terms. The Purchaser is not an "insider" of the Seller within the meaning of section 101(31) of the Bankruptcy Code, or otherwise affiliated with the Seller.

D. The Seller has full power and authority to execute deeds, bills of sale and any other documents reasonably required to implement the Sale, and the sale of the Assets pursuant to the MLPSA has been duly and validly authorized by all necessary action of the Seller.

E. Because the post-Effective Date sale of the Debtor's assets is expressly provided for by the Plan, the Sale constitutes a transfer under a confirmed plan within the meaning of section 1146(a) of the Bankruptcy Code.

**ACCORDINGLY, IT IS ORDERED THAT**:

1. The Motion is GRANTED, and, to the extent necessary, the MLPSA is APPROVED.

2. Upon entry of this Order and compliance with the requirements to close in the MLPSA, the transfer of the Seller's right, title, and interests in the Assets to the Purchaser shall in all respects constitute a valid, legal and effective transfer of Assets to the Purchaser.

3. The Purchaser shall not, as a result of any action taken in connection with the purchase of the Assets, be deemed to: (a) be the successor of the Seller; (b) have, *de facto* or otherwise, merged with or into the Seller, or (c) be a mere continuation or a substantial continuation of the Seller.

4. Pursuant to section 1146(a) of the Bankruptcy Code and Section XIII. C. of the Plan, the Sale of the Assets under the MLPSA shall not be taxed under any law imposing a stamp tax, transfer tax or similar tax or fee.

5. The Seller and the Purchaser may agree to amend, modify, or supplement the MLPSA without the need for further Order of this Court, so long as any such amendments modifications or supplements are: (a) expressly contemplated by the MLPSA; *or* (b) not materially adverse to the Seller.

6. The provisions of this Order are non-severable and mutually dependent.

7.     Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Seller and the Purchaser are free to close under the MLPSA at any time, subject to the terms of the MLPSA.

# # #

*(Paul Steven Singerman, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.)*

7953575-5